## James B. Ramsay & Co. v. George Overaker.

Where an order of attachment has been allowed and issued, before the debt is due, and it is subsequently discharged, it is a matter of discretion with the court, whether the action shall be dismissed or allowed to proceed, after the debt becomes due. It is proper to dismiss it, unless special reasons to the contrary are shown.

Special Term.—On motion, after the dissolution of an attachment, to dismiss the action, commenced in attachment, on a promissory note, which fell due subsequent to the bringing of the action.

*W. Van Hamm* and *T. M. Key,* for plaintiffs.

*J. G. Douglass,* for defendant.

GHOLSON, J. In this case, an attachment was obtained before the debt was due. This attachment was subsequently discharged. The question now presented, is whether the action must be dismissed or the plaintiff be allowed to proceed to judgment.

The code provides expressly for the case when an action being commenced on a debt not due and no attachment is allowed. In such cases, the action must be dismissed; section 232. No express provision being made for the contingency, that an attachment, after being allowed, is set aside, it is claimed that no objection can be made to the continuance of the action.

It may be remarked that, at least, this might depend on the circumstances. Suppose an action brought for a demand not maturing for several years—an attachment allowed and then discharged—should the defendant be required to wait in court, to defend the case when the debt matures? Suppose, when it matures, he pays it, must he plead a payment since the institution of the suit?

Again, if there be any advantage in bringing an action before a claim is due, and it be obtained by wrongfully suing out an attachment, would it not be inconsistent with the general rule, to allow a party to retain an advantage gained by his own wrong? At the same time a case might be presented where an attachment being discharged either on technical grounds, or on grounds imputing no blame to the plaintiff, or on grounds which the conduct of the defendant had made colorable, the court would be justified in imposing on the defendant as a condition, that the action should stand in court, especially when the debt had become due, and no defense was pretended.

When an order of attachment is discharged because it has been improvidently awarded or wrongfully applied for, as a general rule the plaintiff should be considered as having no better right than if it had been refused. It ought to have been refused, and the rights and position of the parties should be the same, as if that had been done which

ought to have been done. The allowing the action to continue should be the exceptional case, and sufficient reasons shown why it should be permitted either by the power of the court directly, or as a condition upon discharging the attachment. It would thus become a matter of discretion only, and properly to be exercised at the time the attachment is discharged.

In this case, I have no facts on which to exercise such a discretion. The continuance of the action, and a judgment in it, is claimed as a right; I find no such right to exist, and the action will be dismissed without prejudice.

Action dismissed.